UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-20424-CR-ALTONAGA

UNITED STATES OF AMERICA,
    Plaintiff,
vs.

DANIEL GRIFFIN,
    Defendant.
_____/

**SENTENCING MEMORANDUM**

The defense respectfully submits this document and accompanying exhibits to aid the Court's determination of an appropriate sentence for Mr. Daniel Griffin. Below are factors delineated in 18 U.S.C. § 3553(a), which allow the Court additional basis to sentence Mr. Moss below the bottom of his guidelines range. This memorandum is a request for a variance below the bottom of the U.S.S.G. United States v. Booker, 553 U.S. 220 (2005).

The yardstick is now a sentence "sufficient but not greater than necessary" to accomplish the stated goals of sentencing [in §3553(a)(2)]. There is "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" [§3553(a)(6)], and the need "to promote respect for the law, and to provide just punishment for the offense" [§3553(a)(2)(A)]." United States v. Ranum, 353 F. Supp.2d at 987 (E.D. Wisc. 2005). Reasonableness is the over arching factor to determine a sentence and the guidelines are only one element of determining what is reasonable. Kimbrough v. U.S., 552 U.S 85, 90 (2007). The standards governing departures do not bind a district court when employing its discretion with respect to variances. United States v. Chase, 560 F.3d 828 (8th Cir. 2009). Courts have reduced sentences by up to a third and this has been found reasonable. United States

v. Jenkins, 537 F.3d 1(1st Cir 2008). Up to an eight level departure downward from the guidelines has been deemed reasonable. United States, v. Menyweather, 431 F.3d 692 (9th Cir. 2005).

## NATURE AND CIRCUMSTANCES OF THE OFFENSE

Mr. Griffin proceeded to trial. The jury acquitted him of one count and he was convicted of one count of 18 USC 922(g)(1), possession of a weapon by a convicted felon. The government had the opportunity to capture the transactions on video and failed to effectively do so. Mr. Griffin did not testify at trial. The convicted count carries a maximum of 10 years in prison. The witness who testified against Mr. Griffin was not believed by the jury as to count 1. This same witness admits to herself being in possession of a weapon by a convicted felon. This same witness admits to conducting this operation in order to seek a benefit for her brother, who is also serving time for violation of this exact same statute.

## CHARACTERISTICS OF THE DEFENDANT

Mr. Griffin first encountered his father when he was 12 years old. This coincides with the age he began to consumed marijuana and alcohol. By 2017 when his brother passed away, he had increased to a bottle of gin on a daily basis. He has never had any substance abuse treatment. Low on funds, his mother fought and often lost the battle against crack addiction. Mr. Griffin was raised by his grandmother and had a very rough childhood. He felt neglected and grew up with no close familial bonds. He now has a 7 year old boy, Daniel Jr., and a one year old boy, Altonio. He is engaged and supportive of the children. Their mother describes Mr. Griffin as financially supportive and a great father and person.

## CRIMINAL HISTORY

Mr. Griffin's criminal history points are accurate yet overstate the impact of that criminal history for the purpose of sentencing. All 10 of Mr. Griffin's criminal history points are from his juvenile record. Mr. Griffin is now 32 years of age. He spent less than 6 years in custody when he was direct filed to adult court in at the age of 17. Mr. Griffin was released in 2010 and has not been convicted of an offense until this incident. The Court may downward depart if the criminal history over represents the past criminal conduct and propensity for future criminal conduct. The weight committed to any 3553(a) factor is committed to the sound discrecton of the court. *United States v.Clay*, 483 F3d, 739, 743 (11th Cir. 2007), and 4A1.3(b).  In this case, the overstatement of Mr. Griffin's criminal history must be weighed in reaching a fair and representative sentence.

Florida was becoming infamous in the early 2000's for direct filing of juveniles. A 2014 report from Human Rights Watch captured the statistical moment.  "New statistics developed by Human Rights Watch based on official Florida state data show that more than 60 percent of the juveniles Florida transferred to adult court during this period were charged with nonviolent felonies. Only 2.7 percent were prosecuted for murder." Human Rights Watch, Branded For Life, April 10, 2014 publishing, https://www.hrw.org/report/2014/04/10/branded-life/floridas-prosecution-children-adults-under-its-direct-file-statute.    At the ages of 16 and 17, the relevant ages when Mr. Griffin was direct filed for committing the offenses that garner him a criminal history level V, is among the most transitional ages for our species. The debate as to when to charge a juvenile as an adult has become its own sub specialty within the criminal justice and psychology world's. ( See A Developmental Perspective on Serious Juvenile Crime: When Should Juviniles be Treated as Adults, by Lawrence Steinberg, PhD, and Elizabeth Caufman, PhD, provides a balanced discussion with discussion of the advancements in development

3

psychology over recent years. They prognosticate that by viewing the timing of treating juvieniles as adults through the development lense, not a hard and fast number of years, we more accurately insure the impact of the criminal sanction is understood by the accused and they can mitigate future conduct through such learning instead.

https://www.uscourts.gov/sites/default/files/63_2_9_0.pdf ).

Mr. Griffin's 10 points leading to a criminal history of level V do not take his age at the time of offenses into account and therefore should be mitigated via a downward departure. The criminal history in the present case places Mr. Griffin at a USSG score of 110 to 120 (as his maximum sentence is 10 years). While the juvenile direct filed cases should be considered by the Court in sentencing, the weight of such a criminal history should be mitigated.

## CONCLUSION

When looking at all the sentencing factors pursuant to 18 USC 3553, a downward departure is warranted in Mr. Griffin's case to 60 months. His criminal history level of five is due exclusively to his juvenile criminal history. He is a father of two boys who should not grow up without a father continuing the cycle of fatherless boys.

Dated: February 4, 2020                                   Respectfully Submitted,

                                                                s/Khurrum Wahid_____
                                                                Khurrum B. Wahid
                                                                Florida Bar No. 178764
                                                                Counsel for Mr. Griffin
                                                                Wahid Vizcaino LLP
                                                                2101 Coral Way, Suite 304
                                                                Miami, FL 3145
                                                                Tel. (305)444-4303
                                                                Fax (305)444-4302

## **CERTIFICATION OF SERVICE**

      I hereby certify that a copy of the foregoing Defendant's Memorandum of Sentencing was filed on this February 4, 2020 with the Clerk of the Court and all parties by ECF.

                                               _____/s/_____

KHURRUM B. WAHID, Esq.
Wahid Vizcaino L.L.P.
2103 Coral Way, Suite 304
Miami FL
331145

And

1221 S. 21st Street,
Hollywood FL
33020

(305)444-3303
(305)444-4302 Fax
Khurrum@wvmlawfirm.com
info@wvmlawfirm.com