**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:21-cv-20262-PCH**
**(CASE NO. 1:19-cr-20424-CMA-1)**

**DANIEL GRIFFIN,**

    Movant,

vs.

**UNITED STATES OF AMERICA,**

    Respondent.

_____/

## ORDER DISMISSING MOTION TO VACATE
## WITHOUT PREJUDICE AS PREMATURE

**THIS CAUSE** is before the Court upon Movant Daniel Griffin's ("Movant") *pro se* Motion to Vacate, filed pursuant to 28 U.S.C. § 2255. [ECF No. 1] ("Motion"). Movant requests an extension of time to file a more complete Motion to Vacate, alleging that his counsel was ineffective for failing to file a direct appeal. But in fact, Movant's direct appeal in his criminal case is currently pending before the Eleventh Circuit. *See* [USCA11 No. 20-10704]. It is well-settled that a § 2255 motion should be dismissed where a direct appeal is pending since collateral relief and direct appeal relief cannot be pursued simultaneously. The Eleventh Circuit has held that, absent extraordinary circumstances, a defendant may not seek collateral relief while his direct appeal is pending, as the outcome of the direct appeal may negate the need for habeas relief. *United States v. Khoury*, 901 F.2d 975, 976 (11th Cir. 1990).

Movant is advised that if he intends to challenge his conviction on the basis of actual innocence, that claim can and should be raised on direct appeal. Under the procedural default rule, "a defendant generally must advance an available challenge to a criminal conviction or sentence

on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004)(per curiam). As for Movant's claim that his counsel was ineffective during the criminal proceedings, that claim is normally presented by way of a § 2255 motion and must be raised within a year of the date his conviction becomes final. *See Massaro v. United States*, 538 U.S. 500, 504 (2014) (finding that claims of ineffective assistance of counsel are more properly brought under § 2255 rather than on direct appeal); 28 U.S.C. § 2255(a) and (f).

A judgment of conviction generally becomes final when the opportunity for direct appeal has been exhausted. *Akins v. United States*, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000). As noted above, the filing of a notice of appeal divested this Court of jurisdiction to entertain a collateral attack upon the validity of the conviction and sentence. *United States v. Dunham*, 240 F.3d 1328, 1329 (11th Cir. 2001). The appropriate course of action is to dismiss the Motion without prejudice. *Blair v. United States*, 527 F. App'x 838 (11th Cir. 2013). Movant is free to refile his § 2255 if it concerns a matter appropriate to be raised after the direct appeal is concluded. *Khoury*, 901 F.2d at 969 n.20. Accordingly, it is

**ORDERED AND ADJUDGED** that the Motion to Vacate [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE** and this case is **CLOSED**.

**DONE AND ORDERED**, in Miami, Florida, on January 22, 2021.

PAUL C. HUCK
UNITED STATES DISTRICT JUDGE

Copies Furnished To:

All counsel of record
Daniel Griffin
18289-104
Edgefield
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 725
Edgefield, SC 29824